United States District Court

Eastern District of California

| | |
|---|---|
| Jim Dean Wolfenbarger, | |
| Plaintiff, | No. Civ. S 03-2417 MCE PAN P |
| vs. | Order Directing Service by the United States Marshal Without Prepayment of Costs |
| Virginia Black, et al., | |
| Defendants. | |

-oOo-

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. The court previously ordered plaintiff to provide information for service of process on form USM-285, sufficient copies of the first amended complaint for service, and a notice of compliance. Plaintiff has filed the required papers.

1. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons, and copies of the first amended complaint and of this order to the United States Marshal.

1         2.   Within ten days the United States Marshal shall notify
2    defendants Black, Downs, Houston, Hobart, Weber, Chandless,
3    Parker, Rodriguez, Yang and Yuba County Board of Supervisors of
4    the commencement of this action and request waiver of service of
5    summons in accordance with the provisions of Fed. R. Civ. P.
6    4(d).
7         3.   The United States Marshal shall retain the original
8    summons and a copy of the first amended complaint in his file.
9         4.   The United States Marshal shall file written waivers of
10   service of summons and any requests for waiver of service that
11   are returned undelivered as soon as they are received.
12        5.   If a requested waiver of service of summons is not
13   returned by a defendant within 60 days from the day the request
14   was mailed, the United States Marshal shall:
15        a.   Serve process and a copy of this order upon the
16   defendant pursuant to Rule 4 of the Federal Rules of Civil
17   Procedure and 28 U.S.C. § 566(c) and shall command all necessary
18   assistance from the California Department of Corrections to
19   execute this order.  The United States Marshal shall maintain the
20   privacy of all information provided in confidence by the
21   Department pursuant to this order.
22        b.   Within ten days after service is made, file the return
23   of service for the defendant with evidence of any attempts to
24   secure a waiver of service of summons and of the costs
25   subsequently incurred in effecting service on said defendant.
26   Said costs shall be itemized on form USM-285 and shall include

costs incurred by the Marshal for photocopying the summons and the first amended complaint and preparing any new forms USM-285. Costs of service will be taxed against the defendant in accordance with Fed. R. Civ. P. 4(d)(2).

6. Defendants shall reply to the first amended complaint within the time provided by Fed. R. Civ. P. 12(a).

7. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m). Failure timely to oppose a motion may be deemed consent to the relief requested in the motion. Opposition to all other motions need be filed only as specifically directed by the court.

8. If plaintiff is released from prison during the pendency of this action, any party may request application of other provisions of Local Rule 78-230 but Local Rule 78-230(m) shall apply until such a request is made and granted. <u>See</u> Local Rule 1-102(d).

9. Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 & n. 14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by a defendant. Such a motion is a request for dismissal of unexhausted claims without prejudice. The defendant may submit evidence including

1  declarations under penalty of perjury and duly authenticated
2  documents to support the request.  If plaintiff contends he did
3  exhaust administrative remedies available to him, plaintiff may
4  oppose defendant's motion and submit evidence, including his own
5  or others' competent declarations under penalty of perjury and
6  duly authenticated documents.  If plaintiff does not serve and
7  file a written opposition to the motion, the court may consider
8  the failure as plaintiff's consent that the motion should be
9  granted.  If the defendant's motion to dismiss is granted
10 plaintiff's unexhausted claims will be dismissed without
11 prejudice.
12      10.  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th
13 Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and
14 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff
15 is advised of the following requirements for opposing a motion
16 for summary judgment made by a defendant pursuant to Rule 56 of
17 the Federal Rules of Civil Procedure.  Such a motion is a request
18 for an order for judgment in favor of the defendant without
19 trial.  A defendant's motion for summary judgment will set forth
20 the facts affecting plaintiff's right to relief under the
21 applicable law that defendant contends are not reasonably subject
22 to dispute.  To oppose a motion for summary judgment, plaintiff
23 must present evidence in support of his claims.  To do this,
24 plaintiff may call the court's attention to statements within
25 plaintiff's knowledge made under the penalty of perjury in the
26 complaint, or submit his own or others' competent declarations

under penalty of perjury, duly authenticated documents, the transcript of a deposition, answers to interrogatories, or admissions obtained in this proceeding.  If there is some good reason why such evidence is not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendant's motion.

    11.   Unsigned affidavits or declarations will be stricken.

    12.   Each party shall promptly advise the court if they change their address by serving and filing a document entitled "Notice of Change of Address."   Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

    13.   The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

    14.   The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

   So ordered.

   Dated:  July 14, 2005.

                                      /s/ Peter A. Nowinski
                                      PETER A. NOWINSKI
                                      Magistrate Judge