IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM DEAN WOLFENBARGER,

    Plaintiff,                    No. CIV S-03-2417 MCE EFB P

    vs.

VIRGINIA BLACK, SHERIFF, et al.,    ORDER AND FINDINGS AND
RECOMMENDATIONS
    Defendants.

_____/

    Plaintiff is in the custody of the Department of Mental Health pursuant to a civil commitment. He is suing under 42 U.S.C. § 1983 for alleged civil rights violations. His August 18, 2005, second amended complaint, claims that his civil rights were violated by defendants when he was housed in a penal facility pending his civil re-commitment proceedings. He alleges that he was deprived of psychiatric treatment and subjected to penal restraints and restrictions. The order screening the second amended complaint found that service was proper for the defendants named in the previously filed complaint, as well as five additional defendants named Durfor, Adams, Stemen, McPherson, and Cassidy.[1]

---

[1] Waiver of service was returned executed as to defendants Adams and Durfor on August 1, 2006, and as to defendant McPherson on August 14, 2006. Though service was returned executed as to defendant Stemen and unexecuted as to defendant Cassidy on January 24, 2008, both defendants appeared by filing an answer to the complaint on January 7, 2008.

Pending before the court are the following motions: plaintiff's March 23, 2007, motion to modify the scheduling order; plaintiff's March 29, 2007, motion to compel discovery and his August 27, 2007, motion to stay the court's ruling on that motion; and plaintiff's May 18, 2007, motion to enjoin new parties and modify the scheduling order. Also before the court is defendants' May 29, 2007, motion for summary judgment which will be addressed by separately filed findings and recommendations.

**I.      Motions to Modify the Scheduling Order, Compel Discovery and to Stay Ruling**

The scheduling order in this case set a discovery cutoff of March 23, 2007. On that same date, as discovery was closing, plaintiff filed a motion to modify the order to grant an extension of time to complete discovery. He argued that there were some defendants who had yet to be properly served and were, therefore, not parties to the action. He also stated that a recent transfer to Coalinga State Hospital resulted in a temporary deprivation of his legal property, the contents of which pertained to three separate cases plaintiff was pursuing. He said that when the property was returned to him, it was disorganized, thrown together in one pile, and missing the judges' orders that had been issued in each of the cases. He requested a two-month extension to sort through everything and produce necessary motions and pleadings.

Defendants filed an opposition to plaintiff's request. However, they also agreed to complete the process of preparing responses to plaintiff's discovery requests as to defendant McPherson and defendants Stemen and Cassidy, which had yet to be served, even though the discovery deadline had expired. Defense counsel's declaration asserts that she has twice spoken with plaintiff regarding service of defendant McPherson's discovery responses beyond the discovery cut-off date, and that she memorialized these conversations in a letter to plaintiff dated March 22, 2007. That letter explained to plaintiff that in spite of the expiration of the time for conducting further discovery he would nonetheless receive discovery responses from defendants McPherson and Rodriguez, and, as he was seeking discovery of his confidential medical records from the Yuba County Jail, counsel was required to obtain them by subpoena and this could take

several weeks. Defendants represent to the court that the requested discovery has now been served.

Plaintiff's motion to extend the discovery deadline, his motion to compel, his subsequent motion to stay ruling on the motion to compel, and his still later motion to supplement the motion to compel, are all denied. There is presently before the court a motion for summary judgment based, in part, on qualified immunity on behalf of the originally served defendants. Plaintiff's request to further extend discovery as to these defendants--long after he has already been served with responses to his extensive discovery requests--must be viewed in that context.[2] The Supreme Court has repeatedly held that qualified immunity is not only an immunity from damages, it is an immunity from being sued. This includes the process of discovery. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (the defense is meant to provide government officials immunity not merely from "standing trial," but from the burdens of "such pretrial matters as discovery . . . , as '[i]nquiries of this kind can be peculiarly disruptive of effective government.'"); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."); *Maraziti v. First Interstate Bank of California*, 953 F.2d 520, 526 (9th Cir. 1992) (discovery should not be allowed until immunity has been decided).

This is not a case where plaintiff has had no opportunity at all to conduct at least some limited discovery to uncover facts that might bear on the immunity question. He previously propounded and received responses to extensive interrogatories, requests for admissions and document production requests. Defendants have already produced 531 documents. Indeed, they have accommodated plaintiff far beyond the limits contemplated by qualified immunity. This court cannot further delay resolution of the immunity issue while plaintiff engages in still further discovery. "[W]e repeatedly have stressed the importance of resolving immunity questions at

---

[2] Most of the defendants' discovery responses were served in October and November 2006.

the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

For the above stated reasons, plaintiff's various discovery motions are denied.

## II. Motions to Join New Parties and Modify the Scheduling Order

On May 18, 2007, plaintiff filed a motion seeking, in part, to join new parties and modify the scheduling order. He seeks to add as defendants Deputies Will Kardadski, Jennings, Hohman, and McNally of the Yuba County Sheriff's Department; Doctor Zil, a psychiatrist working with the Yuba County Jail; the Yuba County Sheriff's Department; and the California Department of Mental Health, in addition to six John Does.

The motion to amend to add new defendants brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure. Rule 20(a) of the Federal Rules of Civil Procedure states that persons may be joined as parties if the claims against them arise out of the same transaction or occurrence and if there is any question of law or fact common to all co-parties. However, Rule 15(a) vests the court with discretion to determine whether to allow amendment to the complaint for the parties to be added. Rule 15 provides that a party may amend its pleadings after a responsive pleading has been served, ". . . only by leave of the court or by written consent of the adverse party." The Rule further provides that such ". . . leave shall be freely given when justice so requires." In conjunction with Rule 15, Rule 20 allows the permissive joinder of parties, and in particular of party defendants, ". . . if there is asserted against (the defendants) jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action."

However, Rule 15(a) states that a court may deny an amendment where the amendment (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Rule 15(a) is further limited by Rule 16. Once a district court has issued a pre-trial scheduling order pursuant to Rule 16, which establishes a timetable to amend pleadings, that

4

Rule's standards control. *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 607-608 (9th Cir. 1992). Thus, plaintiff's ability to amend his complaint is governed by Rule 16(b), not Rule 15(a). *See Id.* (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C.1987)) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); *and also Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo.1989) (same).

The court set a schedule in this action on May 31, 2006, and modified it by order filed September 29, 2006. Plaintiff's motion to amend his complaint and name additional defendants comes almost one year after the original schedule was set in this action. Plaintiff has not shown good cause for this delay. "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15." *Forstmann*, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, the "good cause" standard of Rule 16(b) primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D. Ind.1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir.1971) (same), *cert. denied*, 405 U.S. 974 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same). Although the existence

5

1   or degree of prejudice to the party opposing the modification might supply additional reasons to
2   deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking
3   modification. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D.Me.1985). If
4   that party was not diligent, the inquiry should end.

5         Plaintiff has failed to demonstrate good cause for his belated motion to amend. He
6   claims that he has been without his legal property because the Department of Mental Health is
7   denying him any and all access to his legal materials related to this action, and also, because of
8   his "ignorance" he did not "adequately identify or state his purpose in regards to these
9   defendants in his Second Amended Complaint, or only recently [came] to realize their
10  importance to this action." Failing to name all necessary parties due to ignorance or delayed
11  acknowledgment of claims against those parties does not constitute diligence.

12        Furthermore, plaintiff has failed to submit with his motion a proposed Third Amended
13  Complaint incorporating his claims against defendants already in this action together with his
14  new claims against the additional defendants he seeks to add. An amended complaint must be
15  complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*,
16  375 F.2d 55, 57 (9th Cir. 1967). Plaintiff has failed to satisfy this requirement as well.

17        The court therefore recommends that plaintiff's motion to join new parties and modify
18  the scheduling order be denied.

19        Accordingly, it is hereby ORDERED that:

20        1. Plaintiff's March 23, 2007, motion to modify the scheduling order as to discovery is
21  denied;

22        2. Plaintiff's August 27, 2007, "motion to stay" the court's ruling on his motion to
23  compel is denied; and

24        3. Plaintiff's March 29, 2007, motion to compel is denied.

25  ////
26  ////

1    Further, for the foregoing reasons, it is hereby RECOMMENDED that plaintiff's May
2 18, 2007, motion to modify the scheduling order so as to amend his complaint to join new parties
3 be denied.
4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 Dated: February 29, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE