IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM DEAN WOLFENBARGER,

    Plaintiff,               No. CIV S-03-2417 MCE EFB P

    vs.

VIRGINIA BLACK, Sheriff, et al.,

    Defendants.         ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On March 27, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and notified them that any objections to the findings and recommendations were to be filed within twenty days. Defendants filed objections on April 16, 2008. Plaintiff filed on April 25, 2008, a motion for reconsideration of the undersigned's order, entered on March 28, 2008, that denied plaintiff's motions to modify the scheduling order and to join additional defendants. For the reasons stated below, the plaintiff's request for reconsideration of this court's earlier order is denied. Additionally, the magistrate judge's findings and recommendations filed March 27, 2008, as modified herein, are adopted.

The magistrate judge recommended granting summary judgment for defendants on all claims raised in their motion. However, the findings and recommendations state that the first four claims of the second amended complaint were not addressed in the motion for summary judgment. Those four claims are: (1) that defendants exposed plaintiff to a known risk of substantial harm; (2) that defendants denied plaintiff adequate medical care; (3) that defendants subjected plaintiff to unsanitary and unhygienic conditions of confinement; and (4) that defendants restricted plaintiff's visitation privileges.

The claims asserted in the complaint in question are hardly a model of clarity. Defendants object to the recommendation, arguing that they addressed all claims raised in the complaint. They explain that plaintiff's complaint alleged a "litany" of issues and claims regarding his housing in the Yuba County Jail, and that defendants' brief "attempted to organize these claims into categories of alleged constitutional violations in order to properly analyze and address plaintiff's complaints under the appropriate legal standards." Defs.' Obj., at 3. Thus, they argue, the four claims referenced by the magistrate judge as not having been separately briefed and included in the motion were, in fact, addressed under the analysis of "the constitutional amendments they related to." Id. The confusion over the matter is understandable given the multiple but often nebulous and overlapping claims alleged in the 29 page complaint and discussed in the 42 page moving brief on the motion for summary judgment.[1] However, upon careful examination of the moving brief it does appear that the defendants challenged all constitutional violations alleged in the complaint. See Defs.' Mot. for Summ. J., Mem. of P. & A., at 10 ("Plaintiff cannot, as a matter of law, establish that his constitutional rights have been violated, and that such alleged constitutional violations were pursuant to an official policy, or that the defendants have any liability in their official capacity.") Moreover, the factual and legal analysis

---

[1] The confusion is compounded by the failure of the brief to discretely delineate each specific cause of action for which summary judgment was being sought in the section of the brief where the particular claim or claims was analyzed.

contained in the magistrate judge's findings and recommendation regarding plaintiff's other claims have equal application to the four claims in question. Thus, as discussed below, summary judgment is appropriate as to those claims as well.

As to the plaintiff's claim that he was exposed to a known risk of harm by being allegedly confined in proximity to criminal detainees and under conditions whereby the criminal detainees might learn of his confinement for sexual acts, the magistrate judge's analysis of the Due Process and Eight Amendment issue arising from the allegations is dispositive of the claim. Findings and Recommendations at 20-22 . Indeed, the claim appears to be redundant to the others expressly addressed in the motion.

Plaintiff's declaration attached to the complaint, and therefore part of the complaint, alleges that he was not allowed to wear his personal shoes which provided him arch support. He also alleged that he was not provided free laxatives. The suggestion is that plaintiff was denied medical care under conditions violative of his federal constitutional rights. As stated in the findings and recommendations, although plaintiff's claims of unconstitutional conditions as applied to a civil detainee arise from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment prohibition against cruel and unusual punishment, see Jones v. Blanas, 393 F.3d at 931; Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986), the Eighth Amendment "provide[s] a minimum standard of care for determining plaintiff's rights as a pretrial detainee." Jones, 781 F.2d at 771. Thus, regardless of plaintiff's status, the protections under the Eighth Amendment provide an irreducible minimum that must be satisfied. The Findings and Recommendations, at 20-21, fully address those standards as they apply to plaintiff's various allegations that the manner in which he was confined violated his rights. As noted by the magistrate judge, the inquiry is "whether the conditions of plaintiff's confinement were "reasonably related to a legitimate governmental objective." Bell v. Wolfish, 441 U.S. 520, 538 (1979).

////

Here, with respect to the claim regarding shoes, all detainees were required to wear clothing issued by the jail and the defendants have presented legitimate penological objectives for that requirement. These include the security concerns over increased fighting and avoiding signs or suggestions of individual inmate favoritism. The requirement at issue here reasonably relates to those objectives.

Moreover, to establish that conditions of imprisonment violate the Eighth Amendment's prohibition on cruel and unusual punishment, plaintiff must show a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." See Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 837 (1994). On the other hand, harsh and uncomfortable conditions are expected; convicted prisoners are entitled only to the minimal civilized measure of life's necessities and even inhumane conditions, that is risks so grave even to convicted felons that they are repugnant to those who have consigned the plaintiff to prison, do not amount to punishment if the state actor is powerless to change them or does not know of them. Plaintiff has not satisfied this standard as to either the shoes or the need for laxatives. Laxatives were available for purchase on the medical cart and plaintiff has not shown that he was precluded access to them. Likewise, he has not presented evidence that he was deliberately denied medical care or treatment for a known serious medical condition of his feet. Accordingly, the "conditions of confinement" standards analyzed and applied in the findings and recommendations have the same application here and defendants are entitled to summary judgment on this claim.

Similarly, plaintiff has made no showing that the defendants deliberately created, tolerated or were deliberately indifferent to the unhygienic conditions plaintiff complains of regarding an incident in which other detainees dumped garbage cans and tossed human waste

4

through doors and flooded the pod plaintiff was in. Plaintiff has presented no evidence upon which a reasonable fact finder could rely to conclude that the defendants either caused, tolerated, or were indifferent to the temporary conditions caused by the misconduct of other detainees. Accordingly, defendants are entitled to summary judgment as to this claim.

Defendants state in their objections that "it is unclear" whether the magistrate judge's findings and recommendations include a finding regarding Yuba County's Monell liability, or findings regarding official and individual capacity liability of the other defendants. The findings and recommendations conclude that defendants should be granted summary judgment as to the merits of the claimed constitutional violations. Given the finding of no evidence sufficient to raise a triable issue of fact as to the alleged violations of plaintiff's constitutional rights, it is not necessary to reach the Monell issue. See Aguilera v. Baca, 510 F.3d 1161, 1167, 1174 (9th Cir. 2007) (noting if no constitutional violation occurred, the court need not consider qualified immunity or a claim brought pursuant to Monell v. Dep't. of Social Servs., 436 U.S. 658 (1978)).

The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. The court also applies that analysis to the other claims identified in the defendant's objections to the recommendations and concludes that the defendants are entitled to summary judgment as to all claims asserted in the complaint.

As noted above and discussed in detail in the magistrate judge's findings and recommendations, plaintiff's claims are unsupported by evidence sufficient to survive summary judgment and therefore fail as a matter of law. The joinder of still more individual defendants simply would be futile. Moreover, plaintiff has presented no justification for the extraordinary extensions of time spanning several months to file objections to either the February 29, 2008 or the March 27, 2008, findings and recommendations.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 25, 2008, a motion for reconsideration and request to modify the scheduling order is denied.

2. The findings and recommendations filed March 27, 2008, as modified herein to apply to all claims in the complaint, are adopted;

3. Defendants' May 29, 2007, motion for summary judgment is granted; and

4. As the subsequently served defendants, Steiman and Cassidy, remain, the Clerk should not enter judgment.

Dated: August 8, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE